

Gerald C. Mann
~~ATTORNEY~~
ATTORNEY GENERAL

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

Hon. Bascom Giles, Commissioner
General Land Office
Austin, Texas

Dear Sir:

Opinion No. 0-5635
Re: Should the State of Texas take a separate parcel of the river bed, or an undivided interest therein, in the excess of surveys crossing navigable streams, which have been validated by the "Small Land Bill"?

In your letter of September 24, 1943, you give us certain facts, which may be summarized as follows:

You have been requested to patent two tracts of school land, which were surveyed across navigable streams. Awards were made more than ten years prior to the effective date of the "Small Land Bill", Acts of the 41st Legislature, 1929, page 298, Chapter 138, codified as Article 5414a, V. A. C. S. There is excess in each survey, but neither survey contains sufficient acreage exclusive of a portion of the river bed, therefore, the awardees are entitled to enough of the river bed to make up their awarded acreage.

Since the awardees are to get a portion of the river bed, you request our opinion upon the following: Should the State of Texas take a separate parcel of the river bed, or an undivided interest therein?

You are respectively advised that the State of Texas should take a separate parcel of the river bed, and not an undivided interest in the whole thereof.

The "Small Land Bill", supra, validated all patents to and awards of lands lying across or partly across water courses or navigable streams and all patents and awards covering and including the beds or abandoned beds of water courses or navigable streams or parts thereof, which patents or awards have been issued and outstanding for a period of ten years from the date thereof and have not been cancelled or forfeited.

No excess acreage is recognized under this law. State v. Bradford, 50 S. W. (2d) 1055. If the patent or award is otherwise within the terms and provisions of the "Small Land Bill", but contains a number of acres of land in excess of the amount of land conveyed to the patentee or awardee, the question arises as to how such excess is to be apportioned.

In the case of Heard, et al. v. Town of Refugio, 103 S. W. (2d) 728, involving four leagues granted by Coahuila and Texas to the Town of Refugio, and construing the "Small Land Bill", supra, the court said:

". . . . It is apparent that the act gave the Town of Refugio title to that portion of the bed of Mission river within the bounds of the four leagues granted to the town, unless the tract granted, including the river bed area, contains more than four leagues of land. The second section of the act contains a provision that it shall not 'relinquish or quit-claim any number of acres of land in excess of the number of acres of land conveyed to said patentees or awardees in the original patents granted by the State.'

". . . .

"The record contains no evidence as to the number of acres within the boundaries of the four leagues of land surveyed for the Town of Refugio

in 1834, and the cause will be remanded to the
district court for ascertainment of that fact.
If it is found that the tract surveyed for the
town in 1834 contains, including the river bed,
no more than four leagues of land, judgment will
be rendered in favor of the defendant in error
(whether the State of Texas becomes or does not
become a party to the suit) for the title and
possession of the part of the land described
in its petition which is a portion of the bed
of the Mission river. If the said tract surveyed
for the Town of Refugio is found to contain, in-
cluding the bed of the river, more than four
leagues of land, judgment will be rendered dis-
missing the cause, unless the State of Texas be-
comes a party to the suit. If the State of Texas
becomes a party to the suit, and it is found that
the said tract surveyed for the town contains,
exclusive of the river bed, as much as four
leagues of land, judgment will be rendered in
favor of the state for the title and possession
of the river bed. If the State of Texas becomes
a party to the suit and it is found that the said
tract surveyed for the town contains, exclusive
of the river bed, less than four leagues of land,
judgment will be rendered, under proper pleadings,
partitioning the entire river bed within the said
tract surveyed for the town in 1834 between the
State of Texas and the Town of Refugio in such
manner as to award to the Town of Refugio the
number of acres of river bed area sufficient to
supply the said deficiency. The method of fixing
the boundary between the river bed and the adjoining
lands is stated in Motl v. Boyd, 116 Tex. 82, 109,
286 S. W. 458, and in Diversion Lake Club v. Heath,
126 Tex. 129, 141, 86 S. W. (2d) 441." (Emphasis
added)

We believe that when the court said, "partitioning
the entire river bed . . . between the State of Texas and the
Town of Refugio", it intended that the river bed should be
separated and divided into parcels, and that each should be

Hon. Bascom Giles, page 4


vested with title to a separate and specific part thereof, with the exclusive right of possession thereto.

Trusting that the above fully answers your question, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS


By      (signed)
        Thos. B. Duggan, Jr
                Assistant

TBD:fo:jm
O.K. C.C.R.


APPROVED NOV. 8, 1943

(signed) Grover Sellers

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
Opinion Committee
By  BWB
Chairman